KEYES & MARSHALL BROS. LIVERY CO., Appellant, v. JAMES HARDY, Respondent.

St. Louis Court of Appeals, June 6, 1911.

APPELLATE PRACTICE: Additional Abstract Filed by Respondent: Conclusiveness. Where an additional abstract is duly served on appellant and filed by respondent in the appellate court, showing that a certain instruction, the giving of which is made the basis of an assignment of error, was in fact not given, and no objection to such additional abstract is filed in the appellate court by appellant, as required by Rule 12 of the St. Louis Court of Appeals, the court will assume that no objection can be made to such additional abstract, and will refuse to review the instruction.

Appeal from St. Louis City Circuit Court.—*Hon. Eugene M. McQuillin*, Judge.

AFFIRMED.

*Collins & Chappell* for appellant.

*Stern & Haberman* for respondent.

CAULFIELD, J.—Action for breach of contract. There was verdict and judgment for defendant, and plaintiff has appealed. The only point urged upon this appeal is, that "the fourth instruction given by the court at the instance of the defendant is erroneous." The abstract of plaintiff (appellant) sets forth four instructions alleged to have been given at the instance of the defendant, being instructions 2, 3, 4 and 5, and states that to the giving of each of them the plaintiff excepted. But defendant (respondent), prepared and has duly served upon the appellant and filed, an additional abstract, from which it appears that the bill of exceptions does not show the giving of the alleged instruction marked number 4, but shows that only instructions 2, 3 and 5 were given, as follows:

"At the request of the defendant, the court gave the following instructions, to-wit (clerk will here insert instructions 2, 3, and 5), to the giving of each and all of said instructions the plaintiff then and there duly excepted at the time."

No objections to this additional abstract, served and filed by respondent, have been filed in this court, as required by our Rule 12, and hence we take it that none can be made thereto, and proceed upon that theory. So that as the record appears, from the bill of exceptions, instruction No. 4, to the alleged giving of which plaintiff (appellant) makes its only point for reversal, was in fact not given. That matter is, therefore, not before us for review, and there being no error apparent on the fact of the record, the judgment must be affirmed. It is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.